# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES OF AMERICA,      )
                              )          Civil Action
v.                             )          No. 14-cr-10197-PBS
                              )
TRAVIS WINDLEY,                )
                              )
                  Respondent.  )
_____)
```

## MEMORANDUM AND ORDER

August 10, 2020

Saris, D.J.

In this habeas petition, Travis Windley argues that his May 2014 conviction under 18 U.S.C. § 922(g)(1) should be vacated because of Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court held that a § 922(g) offense requires not only proof that the defendant knowingly possessed a firearm, but also that he knew of the status that made his possession of the firearm illegal. After hearing, the Court **DENIES** the Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 130).

## BACKGROUND

### I.   **18 U.S.C. § 922(g) Charge**

In May 2014, law enforcement officers stopped Windley for speeding. During the stop, Windley stated that he "would rather

1

f—-king die than go to jail." <u>See</u> Presentence Investigative
Report dated Dec. 8, 2015 ("PSR") ¶¶ 8-19. Officers found a
loaded revolver in Windley's front pants pocket. Windley was
wearing an ankle bracelet at the time.

On July 1, 2014, Windley was indicted for one count of
being a felon in possession of a firearm and ammunition in
violation of 18 U.S.C. § 922(g)(1). The indictment alleged that
Windley, "having previously been convicted in a court of a crime
punishable by imprisonment for a term exceeding one year, did
knowingly possess in and affecting commerce a firearm and
ammunition." Dkt. 4.

In September 2015, Windley entered a guilty plea. He was
sentenced in July 2016 to a term of eight years followed by
three years of supervised release. Windley did not appeal any
part of his conviction or sentence. On June 19, 2020, Windley
filed a Section 2255 motion to vacate his conviction pursuant to
the Supreme Court's decision in <u>Rehaif</u>.

## II.  **Criminal History**

The Defendant has an extensive criminal history, including
four convictions that resulted in sentences of imprisonment. For
example, in February 2009, Windley was found guilty of assault
with intent to murder, possession of a firearm without a
license, assault with a dangerous weapon, and assault and

battery with a dangerous weapon. He was sentenced to four years in state prison.

In March 2009, Windley was found guilty of assault with a dangerous weapon and assault and battery with a dangerous weapon. He was sentenced to one year of incarceration. In June 2012, Windley was found to be in violation of probation and was sentenced to 18 months of incarceration, with credit for 117 days served.

## LEGAL FRAMEWORK

In Rehaif v. United States, the Supreme Court held that to convict a defendant under 18 U.S.C. § 922(g), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2191, 2194 (2019). Here, the Government acknowledges that Rehaif applies retroactively on collateral review. See Dkt. 135 at 4 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted).

## ANALYSIS

Windley first argues that this Court did not have jurisdiction to convict him under § 922(g) because the indictment did not charge, and he did not plead guilty to, knowing the facts that made him a person prohibited from possessing a firearm ("scienter-of-status element"). Windley then argues that his Fifth and Sixth Amendment rights were violated because his indictment and plea colloquy were defective. Finally, Windley asserts that these defects constitute structural error warranting automatic vacatur of his conviction.

The Government responds that Windley's jurisdictional challenge is foreclosed by binding First Circuit precedent. The Government further argues that Windley's substantive challenges are barred because he cannot demonstrate cause and prejudice or actual innocence, as would be required for his petition to succeed.

### I.    Jurisdictional Challenge

Windley argues that "this Court did not have jurisdiction to enter a judgment" on the § 922(g) count because his indictment failed to allege the scienter-of-status element. Dkt. 131 at 3. The First Circuit has held that "defects in indictments are not jurisdictional and thus are subject to waiver." United States v. Urbina-Robles, 817 F.3d 838, 842 (1st

Cir. 2016) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)). "Ordinarily a guilty plea, entered unconditionally . . . establishes guilt and forfeits all objections and defenses." United States v. Gonzalez, 311 F.3d 440, 442 (1st Cir. 2002).

Directly on point, several circuit courts, including the First Circuit, have held that by entering an unconditional guilty plea, defendants waive jurisdictional challenges based on the indictment's failure to allege § 922(g)(1)'s scienter-of-status requirement. See United States v. Burghardt, 939 F.3d 397, 402 (1st Cir. 2019), cert. denied, 140 S. Ct. 2550 (Mar. 23, 2020) (holding that defendant waived the right to challenge his indictment on Rehaif grounds because he later pled guilty to the offense); see also United States v. Keith, 797 Fed App'x 649, 651 (2d Cir. 2020); United States v. Hobbs, 953 F.3d 853, 856 (6th Cir. 2020); United States v. Moore, 954 F.3d 1332, 1335 (11th Cir. 2020). The First Circuit added, however, that it had the discretion to review waived arguments if there is a compelling reason to do so. Burghardt, 939 F.3d at 402.

The Defendant does not address this binding First Circuit precedent. His jurisdictional argument based on the defect in the indictment fails. For the reasons stated below, the Court sees no compelling reason to review the issue.

II.   **Substantive Challenges**

Windley also raises numerous substantive challenges to his conviction under the Fifth and Sixth Amendments. He argues that his guilty plea was constitutionally invalid because he was never informed of the scienter-of-status element and therefore his waiver of rights was not knowing and voluntary. Windley characterizes this as a structural error meriting automatic vacatur. The Government contends that Windley's challenge should fail for failure to show actual cause and actual innocence.

**A. Cause and Prejudice**

Windley did not raise a Rehaif claim at trial or on direct appeal. He has therefore procedurally defaulted the claim on collateral review unless he can demonstrate cause and actual prejudice, or that he is actually innocent. See Bousley, 523 U.S. at 622.

The Court need not consider the cause prong here, because the actual prejudice prong is not met. To demonstrate actual prejudice, the defendant must show that, but for his counsel's error, there is a "reasonable probability" that he would have proceeded to trial had he been advised of the scienter-of-status element of § 922(g). See Lee v. United States, 137 S. Ct. 1958, 1965 (2017).

Windley has not shown that there is a reasonable probability he would have proceeded to trial if he had been

advised of the scienter-of-status element of § 922(g). Windley was sentenced to four years of imprisonment in 2009. He later violated probation and was sentenced to an additional 18 months of imprisonment in 2012. Therefore, there was overwhelming evidence that Windley knew he was convicted of a crime punishable by a term of imprisonment of more than a year, because he served multiple years. See Commonwealth v. Sherman, 885 N.E.2d 122, 130 (Mass. 2008) (citing Mass. R. Crim. P. 12(c)(3)) (requiring judges to ensure that the defendant knows the maximum possible sentence when entering a guilty plea). It is highly unlikely than any reasonable juror would find that the scienter-of-status element was not met in this case, and therefore it is unlikely that Windley would have proceeded to trial had he been advised of that element. Windley cannot demonstrate actual prejudice. See United States v. Riley, 411 F. Supp. 3d 182, 184 (D. Mass. 2019) (denying 2255 petition in part because defendant could not establish actual prejudice due to Rehaif error); see also Burghardt, 939 F.3d at 404-05 (denying Rehaif challenge on direct appeal because the defendant had previously received multiple sentences in excess of one year).

**B. Actual Innocence**

A defendant may sidestep the procedural default analysis and obtain a merits review of his habeas claim if he makes a threshold showing of "actual innocence." Smith v. Murray, 477

7

U.S. 527, 537 (1986). To do so, he must show it was "more likely than not that no reasonable juror would have convicted him" had the jury been advised of the scienter requirement. See Schlup v. Delo, 513 U.S. 298, 327 (1995); see also Bousley, 523 U.S. at 623-24 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."). The actual innocence standard is "demanding and permits review only in the extraordinary case." House v. Bell, 547 U.S. 518, 538 (2006) (citation omitted).

Windley cannot establish actual innocence. As explained above, Windley's criminal history demonstrates that he knew he was previously convicted of a crime punishable by more than one year in prison. See United States v. Daniels, 804 Fed. App'x 944, 945 (10th Cir. 2020) (denying certificate of appealability where district court had denied 2255 petition raising Rehaif challenge because petitioner's criminal history demonstrated knowledge of his status).

**C. Structural Error**

Windley attempts to circumvent the actual prejudice and actual innocence inquiries by arguing that his Rehaif claim reflects a structural error meriting vacatur, regardless of the prejudice analysis. Structural errors "infect the entire [judicial] process" and accordingly "require[] automatic reversal of the conviction." Brecht v. Abrahamson, 507 U.S. 619, 629-30 (1993); see also United States v. Gonzalez-Lopez, 548

U.S. 140, 149 (2006) ("[Structural] errors include the denial of counsel, the denial of the right of self-representation, the denial of the right to public trial, and the denial of the right to trial by jury by the giving of a defective reasonable-doubt instruction." (citations omitted)). "When a structural error is preserved and raised on direct review . . . a new trial generally will be granted as a matter of right." Weaver v. Massachusetts, 137 S. Ct. 1899, 1913 (2017). However, "[w]hen a structural error is raised in the context of" collateral review, the Supreme Court has instead required a showing of prejudice. See id. But see id. at 1907 (limiting Weaver's holding to "the context of trial counsel's failure to object to the closure of the courtroom during jury selection").

One circuit has held on direct appeal that a structural error occurred where the defendant was not advised of the Rehaif scienter-of-status element prior to his guilty plea. See United States v. Gary, 954 F.3d 194, 200-07 (4th Cir. 2020) (vacating guilty plea and remanding, even though there was "overwhelming evidence that [the defendant] knew of his felony status"). The remaining circuits, including the First Circuit, have instead asked on direct review whether the error affected the defendant's substantial rights. See United States v. Burghardt, 939 F.3d 937, 404 (1st Cir. 2019); United States v. Balde, 943 F.3d 73, 97 (2d Cir. 2019); United States v. Hicks, 958 F.3d

9

399, 401-02 (5th Cir. 2020); <u>United States v. Hobbs</u>, 953 F.3d

853, 857 (6th Cir. 2020); <u>United States v. Williams</u>, 946 F.3d

968, 973 (7th Cir. 2020); <u>United States v. Hollingshed</u>, 940 F.3d

410, 415-16 (8th Cir. 2019); <u>United States v. Benamor</u>, 937 F.3d

1182, 1189 (9th Cir. 2019); <u>United States v. Fisher</u>, 796 Fed.

App'x 504, 510-11 (10th Cir. 2019); <u>United States v. Reed</u>, 941

F.3d 1018, 1021-22 (11th Cir. 2019).

**CONCLUSION**

For the reasons stated above, the Court **DENIES** the

Defendant's 28 U.S.C. § 2255 motion to vacate his conviction

(Dkt. 130).


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge